## Gilfert v. Lamond, Appellant.

*Contract—Promissory notes—Payment—Agreement to submit indictments.*

Where a person is indicted on three indictments for obtaining by false pretense $500, $250, and $200, from three prosecutrices respectively, and at the trial of the first indictment, it is agreed that the defendant shall pay the whole sum of $950, within a time stated, and give three promissory notes payable after such time stated and signed by the defendant and other parties to secure said payment, and the first indictment is to be submitted and a verdict of not guilty taken, and the other two indictments are to be submitted after payment of the whole sum of $950, the makers of the notes cannot defend against paying them because the second two indictments were not dismissed but prosecuted, if it appears that there was a default in the payment of the $950 at the time stated.

Argued Oct. 8, 1913. Appeal, No. 301, Oct. T., 1913, by defendant, from order of C. P. No. 1, Phila. Co., Sept. T., 1912, No. 3,656, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Fianah Kathern Gilfert v. Walter E. Lamond. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit on a promissory note for $225.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*E. W. Kirby, of Morris & Kirby,* for appellant, cited: Harvey v. Dimon, 36 Pa. Superior Ct. 82; Growler Copper Co. v. Teti, 221 Pa. 36; Gandy v. Weckerly, 220 Pa. 285; Bank of Morehead v. Hernig, 220 Pa. 224; Faux v. Fitler, 223 Pa. 568; Showell v. Barr, 228 Pa. 42; Kessler v. Connor, 32 Pa. Superior Ct. 145; Garman v. Gumbiner, 32 Pa. Superior Ct. 181; Kohn v. Hornung, 52 Pa. Superior Ct. 238.

*Frederick C. Brunhouse,* for appellee, cited: Mantua Hall & Market Co. v. Brooks, 163 Pa. 40; Connor v. Schildt, 16 Pa. Superior Ct. 88; Anspach v. Bast, 52 Pa. 356.

OPINION BY PORTER, J., December 8, 1913:

The plaintiff brought this action upon a promissory note, dated June 22, 1911, made by S. Irvine Bell, payable in one year from the date thereof, to the order of himself, and indorsed by the maker and this defendant, which note had been protested at maturity for nonpayment. The court below made absolute a rule for judgment for want of a sufficient affidavit of defense and the defendant appeals. The affidavit of defense averred that the note had been given in pursuance of a settlement of a claim of this plaintiff against S. Irvine Bell, the maker of the note, growing out of a transaction in which the plaintiff asserted that Bell had defrauded her of the sum of $500, by false and fraudulent pretenses. Bell was on trial in the court of quarter sessions under

an indictment charging him with false pretense, in which this plaintiff was prosecutrix. There were at the same time pending against him two other indictments charging false pretense, in one of which Gertrude Chaffe, who alleged that she had been defrauded of $250, was the prosecutrix, and in the other the prosecutrix was named Sara Shober, who had been defrauded of the sum of $200. During the progress of the trial of Bell upon the indictment in which this plaintiff was the prosecutrix, a compromise or settlement was arrived at, whereby the claims of the plaintiff in this case and the said Gertrude Chaffe and Sara Shober against the said Bell were adjusted under a single joint agreement, under the terms of which Bell agreed to repay to the plaintiff, Gertrude Chaffe and Sara Shober the sums of which they alleged they had been defrauded, aggregating $950. "The said payment by the said S. Irvine Bell was to be secured by the delivery by said S. Irvine Bell of three notes—one for $500, and two for $225 each. The $500 note indorsed by one James R. Bell and the $225 notes indorsed by the defendant and one Robert Norris, Junior, respectively. That under the terms of said agreement, it was provided and agreed that the first note, or note of $500, should be taken up and paid upon a mortgage settlement being completed upon the property of the said James R. Bell, which settlement was to be made as soon after the meeting of the building association in July as it was possible to make such settlement. That the balance of $450 it was agreed should be paid by the said S. Irvine Bell in equal quarterly installments, payment of the first installment thereof to be three months after, or on or about September 22, 1911." The affidavit distinctly averred that in pursuance of this agreement the indictment then on trial, in which this plaintiff was prosecutrix, was submitted to the jury and a verdict of not guilty taken thereon. The note in suit was executed and delivered in pursuance of this agreement. The affidavit further avers that the

execution and delivery of these notes was induced and procured by the following collateral agreement: "That in consideration of the terms and agreement to make said payments on the part of the said S. Irvine Bell, the plaintiff and the said Gertrude Chaffe and Sara Shober jointly agreed that the bill on trial should be submitted, and the remaining bills of indictment, to wit: Nos. 107 and 108 to be submitted and verdict of not guilty upon payment by the said S. Irvine Bell of the said sum of $950, as above provided." The affidavit avers that this collateral agreement was the consideration for the note in suit and the inducement for its execution and delivery. The affidavit then contains this averment: "Deponent is informed, believes, and therefore avers that notwithstanding the terms of said agreement, proceedings were had upon the remaining bills of indictment, and the agreement of settlement rescinded by the plaintiff and said Gertrude Chaffe and Sara Shober, in this, that before the time of payment by the said S. Irvine Bell, as promised under said agreement, they resumed said criminal prosecutions against said S. Irvine Bell, and he was finally brought to trial, to wit: No. 108 on or about——day of——, 1911, and No. 107 on or about the sixth day of February, 1912, both of which dates were prior to the maturity of said notes." The defendant contends that the consideration for this note must be held to have failed, under the averments of the affidavit, because of the subsequent action upon the remaining bills of indictment, for the disposition of which this plaintiff had made herself responsible.

This affidavit certainly does not aver that the parties whom Bell had defrauded had agreed to accept the notes in the affidavit mentioned as payment of their claims and agreed upon delivery of the notes to have all the indictments submitted and verdicts of not guilty taken. The only indictment which was at that time to be disposed of was the one then on trial, in which this plaintiff was prosecutrix, and it was then submitted and a

verdict of not guilty taken. The note in suit and the one indorsed by Norris were made payable in one year from the date thereof, but a like extension of time was not given to Bell under the alleged contemporaneous agreement set up in the affidavit of defense. Bell was to pay $500, "as soon after the meeting of the building association in July as it was possible to make said settlement," and he was to pay the balance of $450 in equal quarterly installments, payment of the first installment thereof to be on or about September 22, 1911. These notes were a security collateral to the obligation of Bell, but no action could be maintained on the notes for a year. If Bell did not pay the $500, as soon after the meeting of the building association in July, as it was possible to make settlement of the mortgage, or if he failed to pay one-quarter of the $450 on September 22, and another quarter of that sum on December 22, 1911, he was in default. The agreement of this plaintiff and the other persons who had been defrauded by Bell, as stated in the affidavit, was that the indictments "Nos. 107 and 108 were to be submitted and verdict of not guilty upon payment by the said S. Irvine Bell of the said sum of $950, as above provided." There is in this affidavit no averment that these parties had agreed not to proceed on the indictments charging Bell with false pretense until after the maturity of the notes, that is, for a whole year. Their only undertaking was not to proceed so long as Bell paid in accordance with the terms of his agreement. That this defendant so understood it is made clear by his own affidavit in which he says: "Said women agreed not to prosecute the said S. Irvine Bell civilly or criminally, and not to proceed further on said pending indictments, except and until and in the event of the failure of said S. Irvine Bell to comply with his part of said agreement." Time was a material element in the contract set up in this affidavit of defense. If Bell failed to make the payment which he was required to make on the $500 note, or if he failed

to pay one-quarter of the $450 balance, on September 22, 1911, he was in default and the agreement permitted the other parties to proceed on the indictments. The agreement not to press the indictments was upon condition that Bell pay according to his agreement, and if Bell had complied with that condition it was incumbent upon this defendant to so aver in his affidavit of defense.

The judgment is affirmed.